**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

**Civil Case No.: 12-2815**

| | | |
|---|---|---|
| **NICOLE VAN ATTA,** as an individual, and on behalf of all others similarly situated, | **:** | **CLASS ACTION COMPLAINT** |
| | **:** | |
| *Plaintiff,* | **:** | ***Nationwide Class Representation*** |
| *vs.* | **:** | |
| | **:** | ***Jury Trial Requested*** |
| **GENERAL MILLS, INC.,** a Delaware corporation, | **:** | |
| | **:** | |
| *Defendant.* | **:** | |

Plaintiff, by and through her undersigned counsel, hereby files this Class Action Complaint, individually, and on behalf of all others similarly situated—and makes these allegations based on information and belief and/or which are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery—against Defendant, General Mills, Inc. ("GENERAL MILLS" or "Defendant"), as follows:

## I. INTRODUCTION

1.      Defendant has made false, misleading statements that are likely to deceive reasonable consumers.

2.      Defendant has mistakenly or misleadingly represented that its Nature Valley® granola bars are "100% Natural" (the "Product"), when in fact, they are not, because they contain Genetically Modified Organisms ("GMOs").

3.      Defendant manufacturers, markets, advertises, and sells the Product in at least thirty (30) different varieties/flavors, including, but not limited to the following varieties, which contain GMOs in the form of Yellow Corn Flour, Soy Flour, and/or Soy Lecithin:

a)   Nature Valley® Dark Chocolate Peanut Butter Crunchy granola bars; and

b)  Nature Valley® Oats and Honey Crunchy granola bars.

4.      The labeling and packaging for Defendant's Nature Valley® Dark Chocolate Peanut Butter Crunchy Granola Bars, which shows the "100% Natural statement and the GMO based ingredients as Yellow Corn Flour, Soy Flour, and/or Soy Lecithin, is attached hereto and incorporated herein as **Exhibit 1**.

5.      The labeling and packaging for Defendant's Nature Valley® Oats and Honey Crunchy Granola Bars, which shows the "100% Natural statement and the GMO based ingredients as Yellow Corn Flour, Soy Flour, and/or Soy Lecithin, is attached hereto and incorporated herein as **Exhibit 2**.

6.      Defendant's "100% Natural" statement prominently displayed on the Product's packaging and/or labeling is false, misleading, and likely to deceive reasonable consumers, such as Plaintiff and members of the Class, because the Product is not "100% Natural," due to the presence of GMOs in the Product.

7.      GMOs are plants that grow from seeds in which DNA splicing has been used to place genes from another source into a plant.  Contrary to Defendant's express or implied representations, the Product uses plants or plant derivatives grown or created from GMOs.

## II. VENUE AND JURISDICTION

8.      This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the plaintiff class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs.

9.      Plaintiff alleges that the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).  As set forth below, Plaintiff is a citizen of Colorado, and GENERAL MILLS can be considered a citizen of Delaware. Therefore, diversity of citizenship exists under CAFA and diversity jurisdiction, as required by 28 U.S.C. §§ 1332(a)(1), (d)(2)(A). Furthermore, Plaintiff alleges on information and belief that more than two-thirds of all of the members of the proposed Plaintiff Class in the aggregate are citizens of a state other than Colorado, where this action is originally being filed, and that the total number of members of the proposed Plaintiff Class is greater than 100, pursuant to 28 U.S.C. § 1332(d)(5)(B).

10.     Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts business in, and may be found in, this district, and Plaintiff purchased the subject Product of this action in this judicial district.

### III. PARTIES

11.     Plaintiff is an individual more than 18 years old, and is a citizen of Colorado, resident of Aspen, Pitkin County.  Plaintiff respectfully requests a jury trial on all damage claims.

12.     During September of 2012, Plaintiff purchased the Product, in the following varieties:  Nature Valley® Dark Chocolate Peanut Butter Crunchy Granola Bars and Nature Valley® Oats and Honey Crunchy Granola Bars that misleadingly claim to be "100% Natural," but contain GMOs in the form of corn, soy, corn derivatives, and/or soy derivatives; specifically: Yellow Corn Flour, Soy Flour, and/or Soy Lecithin.

13.     In purchasing the Product, Plaintiff read and relied on the material statement that the Product is "100% Natural."  For example, Plaintiff purchased the Product believing it to be "100% Natural" because he read and relied on General Mills' material statement that the Product is "100% Natural," prominently displayed on the Product's front labeling/packaging. Plaintiff has been damaged by her purchase of the Product because the labeling and advertising for the Product was and is false and/or misleading under Colorado law; therefore, the Product is worth less than what Plaintiff paid for it and/or Plaintiff did not receive what he reasonably intended to receive when purchasing the Product.

14.     Defendant General Mills Company ("General Mills") is a Delaware licensed corporation with its principal place of business located in the State of Minnesota at One General Mills Blvd., Minneapolis, Minnesota 55426.  General Mills lists with the Colorado Secretary of State a Registered Agent designated as National Registered Agents, Inc., 1535 Grant Street, Suite 140, Denver, Colorado 80203.  Therefore, General Mills can be considered a "citizen" of the State of Delaware.  Defendant General Mills promoted and marketed the Product at issue throughout the United States, in this jurisdiction, and in this judicial district.

15.     GENERAL MILLS is the owner, manufacturer and distributor of the Product, and is the company that created and/or authorized the false, misleading and deceptive labeling and advertising for the Product and is the company that promoted, marketed, and sold the Product at issue in this judicial district.

16.     The labeling and advertising for the Product relied upon by Plaintiff was prepared and/or approved by GENERAL MILLS and its agents, and was disseminated by GENERAL MILLS and its agents through labeling and advertising containing the misrepresentations alleged herein. The labeling and advertising for the Product was designed to

encourage consumers to purchase the Product and reasonably misled the reasonable consumer, i.e. Plaintiff and the Class.

17.     Plaintiff alleges that, at all relevant times, GENERAL MILLS and its subsidiaries, affiliates, and other related entities, as well as their respective employees, were the agents, servants and employees of GENERAL MILLS, and at all relevant times, each acted within the purpose and scope of that agency and employment. Plaintiff further alleges on information and belief that at all times relevant herein, the distributors and retailers who delivered and sold the Product, as well as their respective employees, also were General Mills' agents, servants and employees, and at all times herein, each was acting within the purpose and scope of that agency and employment.

18.     Additionally, Plaintiff alleges that, in committing the wrongful acts alleged herein, GENERAL MILLS, in concert with its subsidiaries, affiliates, and/or other related entities and their respective employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Product by means of false, misleading, deceptive and fraudulent representations, and that GENERAL MILLS participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

19.     Whenever reference in this Complaint is made to any act by GENERAL MILLS or its subsidiaries, affiliates, distributors, retailers and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of GENERAL MILLS committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of GENERAL MILLS while actively engaged in the scope of their duties.

## IV. FACTUAL ALLEGATIONS

20.     GENERAL MILLS manufactures, distributes, markets, advertises, and sells the Product, which claims to be "100% Natural," when in fact, it is not, because it contains GMOs in the form of corn, soy, corn derivatives, and/or soy derivatives; specifically:  Yellow Corn Flour, Soy Flour, and/or Soy Lecithin.

21.     Defendant's "100% Natural" statement prominently displayed on the Product's packaging and/or labeling is false, misleading, and likely to deceive reasonable consumers, such as Plaintiff and members of the Class, because the Product is not "100% Natural," due to the presence of GMOs.

22.     GMOs are plants that grow from seeds in which DNA splicing has been used to place genes from another source into a plant.  Contrary to Defendant's express or implied representations, the Product uses plants or plant derivatives grown or created from GMOs.

23.     The Product is not "100% Natural."  Genetically modified soy and corn products contain genes and/or DNA that would not normally be in them, and are thus not natural, thereby causing the Product to fail to be "100% Natural."

24.     Defendant manufactures, markets, advertises, distributes and sells the Product in stores located throughout the United States and in this judicial district claiming to be "100% Natural;" specifically, on the front labeling or packaging for the Product.

25.     As a result, through a variety of advertising, including but not limited to the packaging and labeling of the Product, GENERAL MILLS has made false and misleading material statements and representations regarding the Product that have been relied upon by Plaintiff and members of the Class.

26.     Simply put, the Product contains GMOs and is thus not "Natural," and certainly not "100% Natural."  Therefore, Defendant's advertising and labeling statement that the Product is "100% Natural" is deceptive and likely to mislead reasonable consumers, such as Plaintiff and members of the Class.

27.     Plaintiff, like members of the Class, purchased the Product relying on the material misrepresentation that it was "100% Natural."

28.     Plaintiff based her purchase upon General Mills' material statement that the Product was "100% Natural," which she read on the front labeling of the Product, and relied upon prior to making her purchase.

29.     Plaintiff would not have purchased the Product if she had known that the Defendant's Product is not "100% Natural" because it contains GMOs.

30.     Plaintiff and members of the Class have been economically damaged by their purchase of the Product because it is not "100% Natural."

31.     At a minimum, Plaintiff contends that Defendant should cease labeling the Product "100% Natural."

32.     Plaintiff therefore brings this class action to secure, among other things, equitable relief and damages for the Class against GENERAL MILLS for false and misleading advertising in violation of Colorado's Consumer Protection Act, COLO. REV. STAT. § 6-1-105, *et seq.*, along with Negligent Misrepresentation.

## V. <u>CLASS ACTION ALLEGATIONS</u>

43.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

44.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as:

> **all United States persons who have purchased General Mills Nature's Valley granola bars containing Yellow Corn Flour, Soy Flour, or Soy Lecithin, for personal use, during the period extending from October 23, 2008, through and to the filing date of this Complaint.**

> *In the alternative, all Colorado persons who have purchased General Mills Nature's Valley granola bars containing Yellow Corn Flour, Soy Flour, or Soy Lecithin, for personal use, during the period extending from October 23, 2008, through and to the filing date of this Complaint.*

45.     Plaintiff reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified.  Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries,  and assigns.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

46.     Defendant's practices and omissions were applied uniformly to all members of the Class, including any subclass arising out of the Colorado statutory claims alleged herein, so that the questions of law and fact are common to all members of the Class and any subclass.

47.     All members of the Class and any subclass were and are similarly affected by the deceptive labeling of the Product, and the relief sought herein is for the benefit of Plaintiff and members of the Class and any subclass.

48.     Based on the annual sales of the Product and the popularity of the Product, it is apparent that the number of consumers in both the Class and any subclass is so large as to make joinder impractical, if not impossible.

49.     Questions of law and fact common to the Plaintiff Class and any subclass exist that predominate over questions affecting only individual members, including, inter alia:

      a.   Whether Defendant's practices and representations related to the marketing, labeling and sales of the Product were unfair, deceptive and/or unlawful in any respect, thereby violating Colorado's Consumer Protection Act, COLO. REV. STAT. § 6-1-105, *et seq.*,

      b.   Whether Defendant's practices and representations related to the marketing, labeling and sales of the Product amounted to negligent misrepresentations; and

      c.   Whether Defendant's conduct as set forth above injured consumers and if so, the extent of the injury.

50.     The claims asserted by Plaintiff in this action are typical of the claims of the members of the Plaintiff Class and any subclass, as the claims arise from the same course of conduct by Defendant, and the relief sought within the Class and any subclass is common to the members of each.

51.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Plaintiff Class and any subclass.

52.      Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

53.     Certification of this class action is appropriate under Federal Rule of Civil Procedure 23 because the questions of law or fact common to the respective members of the Class and any subclass predominate over questions of law or fact affecting only individual members. This predominance makes class litigation superior to any other method available for a fair and efficient decree of the claims.

54.     Absent a class action, it would be highly unlikely that the representative Plaintiff or any other members of the Class or any subclass would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

55.     Certification also is appropriate because Defendant acted, or refused to act, on grounds generally applicable to both the Class and any subclass, thereby making appropriate the relief sought on behalf of the Class and any subclass as respective wholes. Further, given the large number of consumers of the Product, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

56.     A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that individual actions would engender.

57.     The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

## VI. FIRST CAUSE OF ACTION:
## VIOLATION OF COLORADO'S CONSUMER PROTECTION ACT
## COLO. REV. STAT. §§ 6-1-105, *et seq.*

58.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

59.     Plaintiff is informed and believes, and thereon alleges, that Defendant engaged in extensive national marketing and advertising, including, but not limited to, print, electronic media, television, internet, and direct marketing through agents, to promote and sell the Product as being "100% Natural" when it is not, because it contains GMOs in its Yellow Corn Flour, Soy Flour, and/or Soy Lecithin ingredients.

60.     This cause of action is brought on behalf of Plaintiff and members of the general public pursuant to COLO. REV. STAT. § 6-1-105(e), (i), which provides that "a person engages in a deceptive trade practice when, in the course of such person's business, vocation, or occupation, such person — [k]nowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods, food, services, or property," or, "[a]dvertises goods, services, or property with intent not to sell them as advertised."

61.     Defendant committed unfair deceptive business acts and/or practices.  Defendant and its related entities represent themselves as being reputable, reliable manufacturers of food products. However, the utility of Defendant's practices related to the manufacture, marketing, and distribution of the Products for the purpose of selling their Products, and Defendant's minimal, is negligible, if any, when weighed against the economic harm to the general public, Plaintiff, and Members of the Class.

62.     Defendant committed a deceptive act or practice which has a capacity, tendency, and/or likelihood to deceive or confuse reasonable consumers in that such consumers had a

good faith basis for believing the Products were manufactured, marketed, distributed, and sold in a reliable manner consistent with the standards of Defendant's industry.

63.     Defendant's practices related to the manufacture, marketing, and distribution of the Products for the purpose of selling their Products, in such manner as set forth in detail above, constitute unfair and/or deceptive business.  Plaintiff and members of the general public were and are likely to be deceived by Defendant as set forth herein.

64.     Plaintiff, on behalf of herself and members of the general public, seeks an order of this Court:

    (a)     Enjoining Defendant from continuing to engage, use, or employ any unfair and/or deceptive business acts or practices related to the their manufacture, marketing, and distribution of the Products for the purpose of selling their Products in such manner as set forth in detail above; and

    (b)     Restoring all monies that may have been acquired by Defendant as a result of such unfair and/or deceptive acts or practices.

65.     Plaintiff and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted. The unfair and/or deceptive acts and practices of Defendant, as described above, present a serious threat to Plaintiff and members of the general public.

66.     The harmful impact upon members of the general public and the Class who purchased and used the Products for their intended and foreseeable purpose far outweighs any reasons or justifications by Defendant for their practices related to the manufacture, marketing, and distribution of the Products for the purpose of selling their Products.  Defendant had an

improper motive (profit before accurate marketing) in their practices related to the manufacture, marketing, distribution, and sale of the Products, as set forth in detail above.

67.     The utilization of such unfair business acts and practices was and is under the sole control of Defendant, and was fraudulently and deceptively hidden from members of the general public in their labeling, advertising, promotion and/or marketing of the Products.

68.     As purchasers and consumers of Defendant's Products, and as members of the general public in Colorado who purchased the Products and used them for their intended and foreseeable purpose, Plaintiff is entitled to and does bring this class action seeking all available remedies under Colorado's Consumer Protection Act, including declaratory, injunctive, and other equitable relief, as well as attorneys' fees and costs.

69.     As a result of Defendant's violation of Colorado's Consumer Protection Act, moreover, Plaintiff and the Class are entitled to restitution for out-of-pocket expenses and economic harm.  Plaintiff and Members of the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct.  The amount of damages suffered as a result is a sum certain and capable of calculation and Plaintiff and Members of the Class are entitled to interest in an amount according to proof.

## VII.    THIRD CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

70.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

71.     Defendant has represented to the public, including Plaintiff, by packaging, labeling and other means that the Product is 100% Natural, although it is not because it contains GMOs in its Yellow Corn Flour, Soy Flour, and/or Soy Lecithin ingredients.

72.     Defendant negligently made the representations because it knew or should have known that the Product contains GMOs and is thus not "100% Natural."

73.     Plaintiff and other reasonable consumers, including the Class members, relied on Defendant's labeling representations set forth herein, and, in reliance thereon, purchased the Product. The reliance by Plaintiff and Class members was reasonable and justified in that Defendant appeared to be, and represented itself to be, a reputable business, and it distributed and sold the Product through reputable companies.

74.     At the time Defendant made the representations and/or omissions described above, Defendant had no reasonable grounds for believing them to be true.

75.     As a direct and proximate result of these misrepresentations and/or omissions, Plaintiff and members of the Class were induced to purchase the Product, and have suffered actual damages to be determined at trial in that, among other things, they have been deprived of the benefit of their bargain in that they bought a product that was not what it was represented to be, and have spent money on a product that had less value than was reflected in the purchase price they paid for the Products.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for relief pursuant to each cause of action set forth in this Complaint as follows:

1.     For an order certifying that the action may be maintained as a class action, certifying Plaintiff as representative of the Class, and designating her counsel as counsel for the Class;

2.     For an award of equitable relief as follows:

(a)     Enjoining Defendant from making any claims for the Products found to violate the Colorado Consumer Protection Act;

(b)     Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described in this Complaint; and

(c)     Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct described in this Complaint.

3.     For actual damages to be determined at trial;

4.     For reasonable attorney's fees;

5.     For an award of costs

6.     For any other relief the Court might deem just, appropriate, or proper; and

7.     For pre- and post-judgment interest on any amounts awarded.

## IX. <u>JURY DEMAND</u>

Plaintiff respectfully demands a trial by jury on all issues so triable.

**Respectfully Submitted,**

Dated: October 23, 2012          By: /s/   Benjamin M. Lopatin
                                      Benjamin M. Lopatin, Esq.
                                      California Bar No.: 281730
                                      (Admitted to District of Colorado)
                                      *lopatin@hwrlawoffice.com*
                                      **THE LAW OFFICES OF**
                                      **HOWARD W. RUBINSTEIN, P.A.**
                                      One Embarcadero Center, Suite 500
                                      San Francisco, CA 94111
                                      (800) 436-6437
                                      (415) 692-6607 (fax)

                                      *Attorneys for Plaintiff*
                                      *and the Proposed Class*

# EXHIBIT

# 1

## Nutrition Facts

*16g of whole grain per serving.
At least 48g recommended daily.

Serving Size 2 bars (42g)
Servings Per Container 6

| Amount Per Serving | 2 bars | 1 bar |
|---|---|---|
| Calories | 190 | 100 |
| Calories from Fat | 70 | 35 |
| | **%DV*** | **%DV*** |
| Total Fat 8g | 12% | 6% |
| Saturated Fat 1.5g | 7% | 4% |
| Trans Fat 0g | | |
| Cholesterol 0mg | 0% | 0% |
| Sodium 170mg | 7% | 4% |
| Total Carbohydrate 27g | 9% | 5% |
| Dietary Fiber 3g | 10% | 5% |
| Sugars 14g | | |
| Protein 4g | | |
| Iron | 4% | 2% |

Not a significant source of Vitamin A, Vitamin C and calcium.

*Percent Daily Values (DV) are based on a 2,000 calorie diet. Your daily values may be higher or lower depending on your calorie needs:

| | Calories | 2,000 | 2,500 |
|---|---|---|---|
| Total Fat | Less Than | 65g | 80g |
| Sat Fat | Less Than | 20g | 25g |
| Cholesterol | Less Than | 300mg | 300mg |
| Sodium | Less Than | 2,400mg | 2,400mg |
| Total Carbohydrate | | 300g | 375g |
| Dietary Fiber | | 25g | 30g |

**Ingredients:** Whole Grain Oats, Sugar, Canola Oil, Dark Chocolate Chips (sugar, chocolate liquor, cocoa butter, soy lecithin, natural flavor, salt), Roasted Peanuts, Yellow Corn Flour, Soy Flour, Peanut Butter (peanuts, salt), Brown Sugar Syrup, Honey, Salt, Natural Flavor, Soy Lecithin, Baking Soda. CONTAINS PEANUT, SOY: MAY CONTAIN ALMOND AND PECAN INGREDIENTS.

DIST. BY GENERAL MILLS SALES, INC. MINNEAPOLIS, MN 55440 USA

## NATURE VALLEY® 100% NATURAL

granola bars

## CRUNCHY

granola bars

## Dark Chocolate Peanut Butter
*16g of whole grain*

6 - 1.49 OZ (42g) 2-BAR POUCHES   NET WT. 8.94 OZ (253g)

ENLARGED TO SHOW DETAIL

12 BARS

Take a bar with you wherever you go!

BETTER IF USED BY
07APR2013T0325

No matter where **the path** takes you...

NATURE VALLEY® is there.

Official all natural granola bar of...

Quality Guarantee
We're committed to quality. In fact, we unconditionally guarantee it. If you are not satisfied with the quality or performance of any General Mills product, we will replace it or refund your money. Send name, address and date information on the UPC and code of the product. Clip the code and mail to: General Mills, Box 200, Dept. MN 55440

NET WT: General Mills, Box 200, Mpls, MN 55440
www.GeneralMills.com

© 2012 General Mills

Carbohydrate Choices: 2

3737140103

UPC 42591
0 16000 42591 0





**Nutrition Facts**
Serving Size: 2 bars (42g). Amount Per Serving **Calories** 190, Calories from Fat 70, **Total Fat** 8g (12% DV), Saturated Fat 1.5g (7% DV), Trans Fat 0g, **Cholesterol** 0mg (0% DV), **Sodium** 170mg (7% DV), **Total Carbohydrate** 27g (9% DV), Dietary Fiber 3g (10% DV), Sugars 12g, **Protein** 4g. Iron (4% DV). Not a significant source of vitamin A, vitamin C and calcium. Percent Daily Values (DV) are based on a 2,000 calorie diet.

Carbohydrate Choices: 2

Where do you **take** your bar?

Let us know on our Facebook page or tweet us!

**NATURE VALLEY**
100% NATURAL

**CRUNCHY**
granola bars

**Dark Chocolate Peanut Butter**

NET WT 1.49 OZ (42g)

**Ingredients:** Whole Grain Oats, Sugar, Canola Oil, Dark Chocolate Chips (sugar, chocolate liquor, cocoa butter, soy lecithin, natural flavor, salt), Roasted Peanuts, Yellow Corn Flour, Soy Flour, Peanut

# EXHIBIT

# 2





**NATURE VALLEY** 100% NATURAL

Where do you **take** your bar?

Maybe it's when you're out walking a local trail with a friend, or on last summer's great rafting trip with family.

Visit us on facebook or twitter to share your stories, and while you're at it keep sharing those bars.

We'll bake more ☺

Share your story on our Facebook page or tweet us!

TO CLOSE INSERT TAB HERE

100% Recycled Paperboard™

On our favorite rafting trip Mike — NY

A perfect snack out on the hiking trail sara — ID

Love to take them on camping trips with my friends Carl — OK

NATURE VALLEY CRUNCHY Oats 'n Honey



NATURE VALLEY
100% NATURAL

CRUNCHY
granola bars

Oats 'n Honey

16g of whole grain*

Where do you **TAKE** your bar?

Let us know on our Facebook page or at:

NET WT 1.5 OZ (42g)

Ingredients: Whole Grain Oats, Sugar, Canola Oil, Yellow Corn Flour, Honey, Soy Flour, Brown Sugar Syrup, Salt, Soy Lecithin, Baking Soda, Natural Flavor. CONTAINS SOY; MAY CONTAIN PEANUT, ALMOND AND PECAN INGREDIENTS.

DISTRIBUTED BY GENERAL MILLS SALES INC, MINNEAPOLIS, MN 55440 USA
© 2011 General Mills

Calories 190, Calories from Fat 50, Total Fat 6g 9% DV, Saturated Fat 0.5g (3% DV), Trans Fat 0g, Cholesterol 0mg (0% DV), Sodium 160mg (7% DV), Total Carbohydrate 29g (10% DV), Dietary Fiber 2g (8% DV), Sugars 11g (10% DV), Protein 4g. Iron 4% DV. Not a significant source of vitamin A, vitamin C and calcium. Percent Daily Values (DV) are based on a 2,000 calorie diet.

*16g of whole grain per serving. At least 48g recommended daily.

0  16000 26469  4