## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02815-MSK-MJW

NICOLE VAN ATTA,

      Plaintiff,

v.

GENERAL MILLS, INC.,

      Defendant.

---

### STIPULATED PROTECTIVE ORDER (Docket no 33-1)

---

On this date, the Court considered the above-captioned action between Plaintiff Nicole Van Atta, on behalf of herself and a putative Colorado class, and Defendant General Mills, Inc. Pursuant to the parties' agreement, Fed. R. Civ. P. 26(c), and D.C.COLO.LCivR 7.2, the Court hereby **GRANTS** the parties' Joint Motion to Enter Stipulated Protective Order and **ENTERS** the following Stipulated Protective Order agreed to be the parties.

### THE PARTIES STIPULATE AND THE COURT ORDERS AS FOLLOWS:

1.     **SCOPE OF ORDER.** This Order includes in its scope any documents, things, and information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable Local Rule) that are produced, disclosed, served, or filed in the Action, as defined below, by or on behalf of any Party or non-party, voluntarily or involuntarily, whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion practice, and whether revealed in a document, a deposition, a response to any type of written discovery (including interrogatories and requests for

admission), ("Discovery Material").  Nothing in this Order shall obligate any Party or non-party
to produce any Discovery Material to any other party that it is not otherwise required to produce
under the Federal Rules of Civil Procedure or any applicable Local Rule.

      2.    **USE OF Discovery Material GENERALLY.**  All Discovery Material
designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES
ONLY," as defined below, shall be used solely for the purposes of preparation, trial, settlement,
and/or appeal of this Action and for no other purpose, absent further order of the Court.
However, nothing in this Order shall prevent or in any way limit disclosure, use or dissemination
of any documents, things, or information that are in the public domain.

      3.    **DEFINITIONS.**

      (a)    "Action" shall mean the above-captioned action entitled *Nicole Van Atta v.
General Mills, Inc.*, District of Colorado Case No. 12-cv-02815-MSK-MJW, which is pled as a
putative class action, and any other lawsuits that are consolidated with the *Van Atta* action.

      (b)    "Party" or "Parties" shall mean any or all parties to this Action.

      (c)    "Producing Party" shall mean a Party or non-party on whose behalf the Discovery
Material is produced, furnished, or disclosed, during the course of this Action, in response to
requests for production of documents, interrogatories, requests for admission, depositions or any
other requests for discovery pursuant to the Federal Rules of Civil Procedure.

      (d)    "Designating Party" shall mean the Party or non-party that opts to designate any
Discovery Material or portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -
ATTORNEY EYES ONLY," pursuant to this Order.

(e)      "Receiving Party" shall mean any party to whom Discovery Material is produced, furnished, or disclosed, whether voluntarily or in response to a formal or informal discovery request, subpoena, deposition notice, or court order, by any Producing Party in this Action.

(f)      "CONFIDENTIAL" Discovery Material shall mean Discovery Material of which a party takes reasonable precautions to maintain the confidentiality and which a party in good faith believes qualifies for protection under standards developed under Federal Rule of Civil Procedure 26(c), including: (i) confidential or proprietary technical or scientific information; (ii) confidential trade secrets or "know-how" (other than Discovery Material qualifying for designation as "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" as described below); (iii) confidential, proprietary, or sensitive business or financial information; (iv) product research and development information; (v) customer and supplier information; (vi) marketing strategies and information; (vii) strategic business information including without limitation business plans, manufacturing information, cost information, or logistical information; (viii) personal privileges or other personal information; (ix) any information which is not generally known and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence; or (x) confidential information of a non-party that the Producing Party is bound by a separate confidentiality agreement or court order to maintain in confidence. "CONFIDENTIAL" Discovery Material shall not include information that (I) is at any time independently developed without use of or reliance upon any of the Producing Party's Discovery Material; (II) is rightfully acquired from an independent source, without restrictions as to use or obligations as to confidence; (III) was, prior to disclosure, rightfully in the possession or knowledge of the requesting party; (IV) is publicly available in substantially the same form in

which it was provided by the Producing Party claiming confidentiality; (V) is required by law to be made available to third parties; (VI) was, is or becomes public knowledge, not in violation of this Order; and/or (VII) is voluntarily de-designated by the Producing Party.

(g)    "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" Discovery Material shall mean Discovery Material that counsel in good faith believes constitutes, contains or reveals (I) information that relates to an individual that is of a purely personal nature, (ii) trade secrets or proprietary information, including product formulas and consumer research; (iii) confidential pricing, financial, marketing, and sales information; and/or (iv) any information which affords the Producing Party an actual or potential economic advantage over others.

4.    **DESIGNATION OF DOCUMENTS OR OTHER DISCOVERY MATERIAL.**

(a)    Any Party or non-party may designate, at or prior to the time of production, any non-public Discovery Material (and copies thereof) produced or disclosed by or on behalf of such Party or non-party, or any portion of such material, as either:

(i)    CONFIDENTIAL, by placing on each page and each thing to which the designation applies a legend substantially as follows: "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL," or other similar designation; or

(ii)    HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY, by placing on each page and each thing to which the designation applies a legend substantially as follows: "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY,

SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY," or other similar designation.

(b)     Any Party may, within 30 days of the entry of this Order, designate pursuant to Paragraph 4(a) any Discovery Materials that the Party produced before the entry of this Order.

(c)     All legends shall be affixed on each page or thing in such a manner that no written material is obliterated or obscured. Legends shall be imprinted on all electronically produced documents and media where practicable.  If it is impracticable to imprint a legend on an electronically produced document (for example, where the document is produced in native format), the first page of the document shall be electronically imaged as an "Index Page," and the legend shall be imprinted on the Index Page. A legend shall also be affixed to any portable electronic media disk or device (such as a DVD, thumb drive, or external hard drive) that contains Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY.

(d)     A Party or non-party making Discovery Material available for inspection shall not have to apply a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" legend to those materials until such time as a party requests copies, if that ever occurs. During the period when the Discovery Material is made available for inspection but not designated, it shall be treated as HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY.

(e)     Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Mass, indiscriminate, or routinized designations are prohibited.

(f)     If it comes to a Party's or non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

## 5.     **PROCEDURE FOR CHALLENGING DESIGNATION.**

(a)     Any Party may object in good faith to the designation or redesignation of any Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY by providing counsel for the Producing Party with written notice of the reasons for its objection. Absent Court approval, the Party must provide this written notice as soon as practicable, but not later than sixty (60) calendar days before the final pretrial conference in this Action. The Producing Party shall, within seven (7) calendar days after receiving such written notice, advise the challenging Party, in writing, of the basis for its designation. Within seven (7) calendar days thereafter, the parties shall confer in a good-faith effort to resolve the matter.

Failing such resolution, the Party challenging the designation may file a motion under a Level 1 restriction seeking to remove or change the designation from the Discovery Material in question. In the event of a motion challenging a designation of Discovery Material, the burden of proof justifying the designation shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it entitled under the Designating Party's designation.

The Parties and Court agree to the following procedure for submitting Discovery Material in question to the Court for *in camera* review pending resolution of a motion challenging a designation. The Discovery Material in question shall be submitted to the Court under seal at a

Restricted Access

Consistent
with D.C.ColoLCivR
7.2

MJW
3-4-13

Level 1 restriction level as an exhibit to the motion challenging the designation. The Parties and Court agree that the considerations set forth in D.C.COLO.LCivR 7.2(B) merit a Level 1 restriction level for the Discovery Material(s) in question pending resolution of the motion challenging the designation. The Parties and Court agreed that a separate motion to restrict access under D.C.COLO.LCivR 7.2(B) is not required and shall not be filed.

(b)     Notwithstanding any objection to the designation of Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY, Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs: (I) the Designating Party changes or removes such designation in writing; or (ii) the Court orders that such designation be removed or changed.

(c)     No Party or non-party shall be obligated to challenge the propriety of a CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY designation at the time the designation is made, and a failure to do so will not preclude a subsequent challenge thereto, subject to the timing of paragraph 5(a). A failure of any Party or non-party to challenge a designation will not prejudice any party or person and will not constitute an agreement or admission that the designation is valid by reason of such failure to object.

**6.     USE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY DISCOVERY MATERIAL.**

CONFIDENTIAL Discovery Material shall not be made available, nor shall the contents thereof be disclosed, to persons other than QUALIFIED PERSONS, as defined in Paragraph 7 of this Order, and HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY Discovery Material

shall not be made available, nor shall the contents thereof be disclosed, to persons other than SPECIALLY QUALIFIED PERSONS, as defined in Paragraph 8 of this Order, except that Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY may be made available or the contents thereof disclosed in accordance with the provisions of Paragraphs 10 and 11 of this Order. All CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY Discovery Material shall be carefully maintained by the Receiving Party, and access to Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY shall be permitted only to persons having access thereto under the terms of this Order.

7.    **QUALIFIED PERSONS.** "Qualified Persons" as used in this Order shall include only the following individuals authorized to receive or view Discovery Material designated as CONFIDENTIAL:

(a)    a Party, including its officers, directors, employees, in-house counsel, and agents;

(b)    a Receiving Party's outside litigation counsel of record;

(c)    the support personnel (such as paralegals, administrative assistants, secretaries, and clerical and administrative staff, and temporary or contract personnel) of a Receiving Party's outside litigation counsel;

(d)    personnel at document duplication, coding, imaging, or scanning service establishments retained by, but not regularly employed by, outside litigation counsel as necessarily incident to the litigation of this Action;

(e)     Consultants and experts retained by a Party or counsel for a Party in connection with the litigation of this Action who meet the definition of "Qualified Consultant" or "Qualified Expert," as set forth in Paragraph 10;

(f)     the regularly employed support personnel (such as administrative assistants, secretaries, and clerical and administrative staff) of a Qualified Consultant or Qualified Expert as necessarily incident to the litigation of this Action;

(g)     the Court, its personnel, jurors and alternate jurors, and court reporters, stenographers, and videographers transcribing or recording testimony at depositions, hearings, or trial in this Action;

(h)     any Court-appointed mediator;

(i)     witnesses in depositions who have signed the Agreement to Abide by the Discovery Confidentiality Order as set forth in paragraph 9(a) below, who may be shown, but not retain copies of, designated Discovery Material, provided that no Discovery Material designated by Defendant as HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY may be shown to a Direct Competitor as defined in paragraph 10(a) below without prior written consent from Defendant or Order of the Court. Disputes concerning whether or not such persons may view such information shall not be a basis to delay the witness' deposition; and

(j)     other persons upon further order of the Court or written consent of the Producing Party.

**8.     <u>SPECIALLY QUALIFIED PERSONS.</u>** Only "Specially Qualified Persons" are authorized to receive or view Discovery Material designated as HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY. "Specially Qualified Persons" as used in this Order shall include

only those Qualified Persons listed in Paragraphs 7, as well as in-house counsel for a Party, including their regularly employed support personnel as described in Paragraph 7(c). If the Plaintiff's counsel believes it is necessary for a named plaintiff to view specific "HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY INFORMATION" material, then counsel shall seek the Defendant's consent. If the defendant withholds consent, and Plaintiff's counsel contends it is necessary for a named plaintiff to see the information to enable counsel to discharge his or her duties, then Plaintiff's counsel may file an appropriate motion with the Court.

9.    **AGREEMENT BY PERSONS RECEIVING CONFIDENTIAL OR HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY DISCOVERY MATERIAL.**

(a)    Unless otherwise set forth herein, prior to being given access to any Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY, all persons must be provided a copy of this Order and sign the Agreement to Abide by the Discovery Confidentiality Order, attached as Exhibit A hereto, agreeing (i) to be bound by the terms of the Order, (ii) to maintain the confidentiality of the Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY and not to use or disclose the information to anyone other than as provided in this Order, (iii) to utilize such information solely for the purpose of this Action, and (iv) to subject him or herself to the jurisdiction of the Court for the purposes of enforcing the terms and conditions of this Order. Any person who signs an Agreement to Abide by the Discovery Confidentiality Order also thereby binds his or her support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff, and temporary or contract personnel), and support

personnel do not need to sign an Agreement to Abide by the Discovery Confidentiality Order to be bound by its terms. The undersigned attorneys and their co-counsel, attorneys at their respective firms, as well as their employees, clients, and clients' employees agree to be bound by the terms of this Order. As such, they are not required to sign the Agreement to Abide by the Discovery Confidentiality Order in order to receive Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY. The individuals set forth in Paragraph 7(d), (f), (g), and (h) also do not need to sign an Agreement to Abide by the Discovery Confidentiality Order.

(b)     Counsel for a Party obtaining an Agreement to Abide by the Discovery Confidentiality Order shall retain a copy of that Agreement during the course of this Action until the case involving that Counsel's client is terminated by judgment, dismissal, or settlement.

(c)     In the event that any individual bound by an Agreement to Abide by the Discovery Confidentiality Order ceases to engage in the litigation of this Action, access by such person to Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY shall be terminated, but may be resumed should such individual subsequently re-engage in the litigation. The provisions of this Order, however, shall otherwise remain in full force and effect as to such individual.

### 10.     **QUALIFIED CONSULTANTS AND QUALIFIED EXPERTS.**

(a)     An expert or consultant shall be a "Qualified Expert" or "Qualified Consultant," such that he or she may receive Discovery Material designated as CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY, if (i) the expert or consultant is retained by Defendant, or (ii) the expert or consultant has not been the employee of, an

independent contractor for, or a consultant to any company involved in the manufacture of breakfast cereal ("Direct Competitor") in the past three (3) years.

(b)     If Plaintiffs wish to provide Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY to an expert who has been the employee of, an independent contractor for, or a consultant to any Direct Competitor within the last three (3) years, before providing that Discovery Material to the proposed expert or consultant, Plaintiffs shall disclose to Defendant in writing the expert or consultant's identity, curriculum vitae, and a description of work performed by the expert or consultant for the Direct Competitor and the dates thereof.  Defendant shall notify Plaintiffs within ten (10) days whether it agrees that the expert or consultant may be considered a Qualified Expert or Qualified Consultant under the terms of this Order.  If Defendant does not so agree, then the Plaintiff may file a motion asking the Court to resolve the dispute as to whether the expert or consultant may be deemed a Qualified Expert or Qualified Consultant under the terms of this Order.  The Plaintiff may not provide any Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY to the expert at issue absent a court order.

(c)     In the event that a Qualified Expert or Qualified Consultant is hired as an employee of, independent contractor for, or consultant to any Direct Competitor during the course of the Litigation, (i) Plaintiffs may not provide any further Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY to the expert or consultant at issue (the "Conflicted Expert" or "Conflicted Consultant"), and (ii) the name of the Conflicted Expert or Conflicted Consultant and the identity of the Direct Competitor must be disclosed to Defendant within ten (10) days of his or her hiring by the Direct Competitor.

Defendant shall notify Plaintiffs within ten (10) days whether it objects to the Conflicted Expert or Conflicted Consultant's continued participation in the Action. If Defendant does so object, the Conflicted Expert or Conflicted Consultant must (i) immediately return all Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY to Plaintiffs, as well as any notes or work product based thereon, and (ii) terminate all work on the Action. If Plaintiff believes that she will be prejudiced by the termination of the Conflicted Expert or Conflicted Consultant, then Plaintiff may file a motion for an order permitting the Conflicted Expert or Conflicted Consultant to continue to be a Qualified Expert or Qualified Consultant under the terms of this Order. Plaintiff shall bear the burden of (1) showing that she will suffer significant prejudice from the Conflicted Expert or Conflicted Consultant's termination, and (2) suggesting reasonable safeguards to sufficiently protect Defendant's interests in the Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY.

(d)     No Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY may be provided to any expert or consultant unless he or she qualifies as a Qualified Expert or Qualified Consultant pursuant to this Paragraph 10.

11.     **LIMITED DISCLOSURE TO PARTIES WITH PRIOR ACCESS.** Nothing in this Order shall prevent the disclosure of any Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY to any of the following:

(a)     any current employee of the Producing Party;

(b)      any former employee of the Producing Party if the Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY originated with, or was sent to, the former employee during the term of employment of the former employee, as evidenced by the identification of the former employee as an author, recipient, or copyee on the face of the material.

12.    **DESIGNATION OF DEPOSITION TESTIMONY.**  A Party or non-party may designate information disclosed during a deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY by so indicating on the record at the deposition. A Party or non-party may also designate in writing, within twenty (20) calendar days of the receipt of the final transcript (the "Designation Period"), specific pages of the transcript to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY.  Until the Designation Period has elapsed for a given transcript, the transcript shall be treated as HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY, unless otherwise designated at the time of deposition.  When information contained or incorporated in a deposition transcript is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY, arrangements shall be made with the court reporter by the Party making the designation to label the relevant pages "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY," as the case may be.

13.    **ATTENDANCE AT DEPOSITIONS.**  During depositions of any Party or non-party, a Party or non-party claiming that information to be disclosed or upon which questions may be based is CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY

may exclude from the room any person who is not qualified to receive such information as provided in Paragraphs 7 and 8.

**14.    SUBMISSION OF MATERIAL UNDER RESTRICTION.**

(a)    If any Party intends to file with, or submit to, the Court any Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY in connection with a request for non-discovery relief, that Party shall use its best efforts to confer with the designating Party at least 48 hours before said filing and advise of such intent. At that time, the filing Party shall confer with the designating Party regarding alternatives to filing the Discovery Material in question under restriction, such as redaction, summarization, or restricted access to exhibits or portions of exhibits. If no lesser alternative is agreed to in writing by the filing Party and designating Party, the filing Party shall file the Discovery Material in question as a restricted document under a Level 1 restriction pursuant to D.C.COLO.LCivR 7.2(D).

Within fourteen days after the filing as a restricted document the Discovery Material in question, the designating Party may (but is not required to) file a Motion to Restrict Access in accordance with D.C.COLO.LCivR 7.2(B). Pursuant to D.C.COLO.LCivR 7.1(A), the Parties agree and stipulate that such Motion to Restrict Access shall be unopposed, unless and only if a motion challenging the designation at issue as set forth above in Paragraph 5 is pending at the time. If the Court grants the Unopposed Motion to Restrict Access, the Discovery Material at issue shall remain restricted. If the Court denied the Unopposed Motion to Restrict Access, or if no such motion is filed by the designating party within fourteen days after the Discovery Material in question was filed under restriction, the Court will allow the document to be open to public inspection.

(b)     In the event any Discovery Material designated CONFIDENTIAL or HIGHLY
CONFIDENTIAL - ATTORNEY EYES ONLY is used in any public court proceedings, the
Court shall solely and exclusively governs its use in open court.  If the designating Party seeks to
protect against public dissemination of such information or document, the designating Party may
file a Motion to Restrict Access in accordance with D.C.COLO.LCivR 7.2(B).  Pursuant to
D.C.COLO.LCivR 7.1(A), the Parties agree and stipulate that such Motion to Restrict Access
shall be unopposed, unless and only if a motion challenging the designation at issue as set forth
above in Paragraph 5 is pending at the time.

15.     **NON-PARTY SUBPOENAS.** Should any non-party serve a subpoena calling
for the production of any Discovery Material designated as CONFIDENTIAL or HIGHLY
CONFIDENTIAL - ATTORNEY EYES ONLY on any Party or counsel for a Party who has
received such information, the subpoenaed Party in such instance shall provide notice of the
subpoena to the Designating Party by transmitting within three (3) business days a copy of the
subpoena via email to the Designating Party, unless prohibited by law or court order from doing
so.  It shall be the obligation of the Designating Party, prior to the response date of the subpoena,
to seek a protective order or any other appropriate relief from the applicable court if the
Designating Party wishes to maintain the confidentiality of the material.  If the Designating Party
has moved for a court order preventing disclosure of the subpoenaed material, the recipient of the
subpoena will not disclose the designated Discovery Material until such motion is adjudicated
unless required by court order to do so.  A Designating Party who fails to seek judicial relief to
preclude the disclosure of any Discovery Material designated as CONFIDENTIAL or HIGHLY
CONFIDENTIAL - ATTORNEY EYES ONLY shall be deemed to have waived any claim of

confidentiality with respect to such Discovery Material.  Nothing in this Order shall prevent a Party from timely complying with a court order or government subpoena, although the Parties agree to provide notice of such order or government subpoena as soon as practicable unless prohibited by law or order from doing so.

16.    **AVAILABILITY TO NON-PARTIES.**  Any non-party, whether an individual or entity, from whom discovery is sought may obtain the protection of this Order by written request to the Party seeking such discovery.

17.    **NOTICE TO NON-PARTIES.**  Any Party issuing a subpoena to a non-party shall enclose a copy of this Order with a request that, within ten (10) calendar days, the non-party either request the protection of this Order or notify the issuing Party that the non-party does not need the protection of this Order or wishes to seek different protection.

18.    **NO WAIVER.**

(a)    Nothing in this Order shall prejudice the right of any Party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, and nothing in this Order shall be construed as a waiver of such right. Moreover, nothing in this Order shall prejudice the right of any Party to object to the admissibility at trial of any Discovery Material or other evidentiary material on any appropriate ground, and nothing in this Order shall be construed as a waiver of such right.

(b)    Entering into, agreeing to and/or complying with the terms of this Order shall not (i) operate as an admission by any Party that any particular Discovery Material contains or reflects currently valuable trade secrets or protected proprietary or commercial information, or

(ii) operate as an admission by any Party that any particular Discovery Material is, or is not, relevant to this Action.

(c)     A Party or non-party producing Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY pursuant to this Order shall not waive or release in any manner its ownership or intellectual property rights associated with the information, including but not limited to any copyright, trademark, or any other ownership or intellectual property rights associated with the information, and expressly reserves its rights to enforce or protect its ownership or intellectual property rights associated with the information.

**19.     PARTIES' OWN INFORMATION.** Nothing in this Order shall limit any Producing Party's use of its own documents, things, or information. Nor shall anything in this Order prevent any Producing Party from disclosing its Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY to any person. Such disclosures shall not affect any designation of such Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY pursuant to the terms of this Order so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

**20.     INADVERTENT PRODUCTION OF PRIVILEGED DISCOVERY MATERIAL.** The inadvertent production of Discovery Material that a Party or non-party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege, the work-product protection or the joint defense privilege

("Inadvertently Produced Privileged Material") will not be deemed a waiver of any privileges, subject to the following provisions:

(a)     Upon discovery of the inadvertent production of privileged Discovery Material, a Party or non-party shall notify all Receiving Parties, identify the Discovery Material inadvertently produced, and assert the basis for withholding such Discovery Material from production. The Receiving Party shall within five (5) business days return to the requesting Party or non-party the Inadvertently Produced Privileged Material or destroy all copies thereof. The Receiving Party, in accordance with Federal Rule of Civil Procedure 26(b)(5), must take reasonable steps to retrieve any Inadvertently Produced Privileged Material disclosed to any individual prior to the notification.

(b)     The return of any Inadvertently Produced Privileged Material shall not in any way preclude the Receiving Party from filing a motion with the Court for an order that (i) the Discovery Material was never privileged or otherwise immune from disclosure; or (ii) any applicable privilege or immunity has been waived by some act other than the production of the Discovery Material. In connection with such a motion, and pursuant to Federal Rule of Civil Procedure 26(b)(5) and the Local Civil Rules, a Receiving Party may present the Inadvertently Produced Privileged Material to Chambers for *in camera* review subject to the procedures set forth above in Paragraph 5(a). The Receiving Party shall not use or disclose, and the Producing Party shall maintain and preserve, the Inadvertently Produced Privileged Material until such time as the Court has ruled on the claim of privilege.

**21.    INADVERTENT DISCLOSURE OF DISCOVERY MATERIAL DESIGNATED AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY.**

(a)     If any Discovery Material that a Party or non-party intends to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY is inadvertently disclosed without being marked in accordance with this Order, the failure to so mark the Discovery Material shall not be deemed a waiver of its confidentiality.

(b)     If any Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY hereunder is disclosed, through inadvertence or otherwise, to a person or party other than those qualified to receive such information pursuant to Paragraphs 7 and 8, then the Party disclosing the information shall use its best efforts to bind such person or party to the terms of this Order and (i) such person shall be informed promptly of all provisions of this Order by the disclosing Party; (ii) such person shall be identified immediately to the Designating Party; and (iii) the person to whom disclosure was made shall be requested to sign an Agreement to Abide by Discovery Confidentiality Order (in form attached hereto as Exhibit A), which signed Agreement shall be served on the Designating Party.  Nothing in this Paragraph shall affect the Producing Party's remedies under this Order or otherwise for such unauthorized disclosure.

(c)     In the event that, at the time of production, a Producing Party inadvertently fails to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY or inadvertently designates Discovery Material that is HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY as merely "CONFIDENTIAL," the Producing

Party shall be entitled to make a correction. Such correction and notice thereof shall be made in writing as soon as practicable and shall not be made no later than ninety (90) days before the final pretrial conference without leave of the Court. The Producing Party, at its own cost, shall also provide substitute copies of each item of Discovery Material, appropriately designated, to all parties who previously received the misdesignated material. Those individuals who received the Discovery Material prior to notice of the misdesignation by the Producing Party shall within thirty (30) business days of receipt of the substitute copies, destroy, or return to the Producing Party all copies of such misdesignated documents. Those individuals who reviewed the misdesignated Discovery Material prior to notice of the misdesignation by the Producing Party shall abide by the provisions of this Order with respect to the use and disclosure of any information contained in the misdesignated Discovery Material.

22. **RETURN OR DESTRUCTION OF DISCOVERY MATERIAL DESIGNATED AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY UPON CONCLUSION OF THIS ACTION.**

(a)     Each Party and non-party subject to the terms of this Order shall assemble and return to each Producing Party all originals and reproductions of any material containing information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY within ninety (90) days of the Conclusion of this Action, including notes made therefrom or summaries thereof. "Conclusion of this Action" shall mean such time as all appeal periods have expired and any settlement or judgment has become final. In lieu of returning materials containing information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY, a Party may destroy all such Discovery

Material within ninety (90) days of the Conclusion of this Action, provided that, upon request from the Producing Party, the party electing to undertake such destruction certifies to the Producing Party in writing that it has made a reasonable and good-faith effort to destroy such Discovery Material, and that all such material has been destroyed to the best of its knowledge.

(b)      Notwithstanding Paragraph 22(a), and subject to Paragraph 6 and the other provisions of this Order, outside litigation counsel for each Party may retain a record including one copy of the following, irrespective of whether or not Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY of another Party or non-party is included: (i) its correspondence file of this case; (ii) its pleading file, including all briefs, memoranda, affidavits, supporting materials, and all papers served on the Party; (iii) any briefs and appendixes on appeal; (iv) all legal research memoranda; (v) its file of deposition transcripts and accompanying exhibits; and (vi) its file of trial transcripts and accompanying exhibits.

### 23.    **SURVIVAL OF OBLIGATIONS.**

(a)      All the provisions of this Order shall survive the conclusion of this Action, and shall continue to be binding after the conclusion of this Action unless subsequently modified by agreement among the Parties or further order of the Court.

(b)      For the purposes of enforcing this Order and resolving any disputes thereunder, the Court retains jurisdiction over the Parties and any persons provided access to Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY under the terms of this Order, until Termination of This case.

24.   **RELIEF FROM THIS ORDER.**  Entry of this Order shall be without prejudice to the right of a Party or non-party to file a motion with the Court (a) for relief from any restriction contained in this Order, or (b) for any order compelling or further restricting the production or use of any Discovery Material produced, furnished, or disclosed in the course of discovery in this Action.  The Parties may amend or modify any provision of this Order by mutual agreement, which agreement shall be embodied in a written stipulation to be approved by the Court.

**AGREED TO** this 28th day of February, 2013:

*s/ Benjamin M. Lopatin*
Benjamin M. Lopatin
The Law Offices of Howard W. Rubinstein, P.A.
One Embarcadero Center, Suite 500
San Francisco, CA 94111
Telephone: (800) 436-6437
Facsimile: (415) 692-6607
lopatin@hwrlawoffice.com

*Attorney for Plaintiff Nicole Van Atta*

*s/ Leonard H. MacPhee*
Leonard H. MacPhee
Jess A. Dance
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202
Telephone: (303) 291-2300
Facsimile: (303)291-2400
lmacphee@perkinscoie.com
jdance@perkinscoie.com

*Attorneys for General Mills, Inc.*

**ENTERED BY THE COURT** this 4 day of March, 2013:

Michael J. Watanabe
United States Magistrate Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-02815-MSK-MJW

NICOLE VAN ATTA,

     Plaintiff,

v.

GENERAL MILLS, INC.,

     Defendant.

---

**AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER**

---

I, _____, being duly sworn, state that:

1.    My address is _____

_____.

2.    My present employer is _____, and the

address of my present employment is _____

_____.

3.    I hereby acknowledge that I have read the court-approved Stipulated Protective Order ("Order") in this Action (ECF No. ___), that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

4.    I hereby acknowledge that, pursuant to the Order, I may receive Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES

ONLY in this Action, and I certify my understanding that such information is provided to me pursuant to the terms and restrictions of the Order. I agree not to reveal any Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY or any notes containing or reflecting such information to anyone not authorized to receive such information pursuant to the terms of the Order, and I agree not to use, directly or indirectly, or allow the use of any Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY for any purpose other than a purpose directly associated with my duties in this Action.

5.      I understand that I am to retain all copies of the Discovery Material that I receive which has been designated as containing or reflecting CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY information in a container, cabinet, drawer, room or other safe place in a manner consistent with the Order. I understand that all copies of any such materials are to remain in my custody until the conclusion of this Action or the completion of my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party. Such return or destruction shall not relieve me from the obligations imposed upon me by the Order. I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, and clerical and administrative staff) who are necessary to assist me of the terms of the Order and of their obligation not to reveal any Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY to anyone not authorized to receive such information pursuant to the terms of the Order.

6.      I understand that I shall be subject to the jurisdiction of the U.S. District Court for

the District of Colorado in any proceeding relating to my performance under, compliance with,

or violation of the Order.

Signature: _____

Date: _____